[Civ. No. 3164. Second Appellate District, Division Two.—April 18, 1921.]

## BERNARDO J. SOLOMON, as Administrator, etc., Respondent, v. CARLOS REDONA, Appellant.

[1] PARTITION—PARTIES.—In a suit for partition it is indispensable that all cotenants who have not united in the complaint be made parties defendant, for if one of the co-owners is not bound by the decree the purpose of the suit fails of accomplishment, since no one will then become a tenant in severalty.

[2] ID.—BRINGING IN OF OUTSTANDING INTEREST—DUTY OF COURT.— When in an action for partition it becomes apparent that it is essential to a full and complete determination of the controversy that the owner of an undivided interest should be made a party, it is the imperative judicial duty of the court, even upon its own motion, and not a matter of discretion, to order that such owner be brought in and made a party to the action.

[3] PLEADING—BRINGING IN OF PARTIES—CODE PROVISION MANDATORY. The provision of section 389 of the Code of Civil Procedure, relating to the bringing in of parties whose presence is necessary to a complete determination of controversies, is mandatory.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. M. Conley, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

Haas & Dunnigan for Appellant.

Henry E. Carter for Respondent.

FINLAYSON, P. J.—Helen R. Solomon, now deceased, brought this action for a partition of real property alleged to be owned by herself and two of the defendants as tenants in common. From an interlocutory decree in favor of plaintiff the defendant Carlos Redona appeals. Helen R. Solomon having died after the appeal was perfected, the administrator of her estate was duly substituted as plaintiff in her stead. Notwithstanding the substitution, we shall, for convenience, refer to Helen R. Solomon as the plaintiff and respondent, just as though she were still alive and prosecuting the appeal in her own name.

One of the points made by appellant is that the owner of an undivided one-tenth was not made a party to the action, and that, therefore, the decree does not determine the interests of all the various co-owners.

The complaint alleges that plaintiff is the owner of an undivided three-fifths of a lot in the city of Los Angeles; that the defendant and appellant Carlos Redona is the owner of an undivided one-fifth, and that Jose S. Redona, another defendant, is the owner of the remaining undivided one-fifth. Carlos Redona, answering, denied that plaintiff and Jose S. Redona own three-fifths and one-fifth, respectively, or any interest whatever, and alleged that, on the contrary, he is the sole owner of the lot. The court found the facts as alleged in the complaint, and thereupon entered the interlocutory decree, from which the defendant Carlos Redona appeals.

The facts essential to an understanding of the question to be discussed are substantially these: Fermina S. de Redona, the mother of plaintiff and defendants Carlos Redona and Jose S. Redona, acquired the lot on April 13, 1859, as her sole and separate property. She died July 26,

1910. It seems that she survived her husband, and that she died intestate, leaving, as her sole heirs, three children who survived her and certain grandchildren, the lawful issue of two deceased daughters. Besides two children who died before reaching majority and without having been married, Fermina S. de Redona was the mother of five children, two of whom, married daughters, predeceased her. Of these five, the three who survived their mother are Helen R. Solomon, the plaintiff in this action, and the two defendants Carlos Redona and Jose S. Redona. The two who departed this life before their mother's death were Sarah Redona Bryant and Virginia Redona Carpenter. Sarah Redona Bryant left one surviving child, Josefa Roberts, formerly Josefa Bryant. Virginia Redona Carpenter left surviving her two children, John and Rachel. Before the date of the trial, Rachel, who had attained her majority and had married before her grandmother's death, had not been heard of by her relatives in Los Angeles for more than seven years. When last heard of, which, according to one of plaintiff's witnesses, was "close to eight years ago," she was living in Globe, Arizona. The case was tried in July, 1916. So that Rachel Carpenter was last heard of by her relatives in Los Angeles some time in the second half of 1908, or thereabouts. Her grandmother, it will be recalled, died July 26, 1910.

A deed to plaintiff from Josefa Roberts and John Carpenter was introduced in evidence. By this deed plaintiff acquired, in addition to the undivided one-fifth that she inherited from her mother, Fermina S. de Redona, the one-fifth that Josefa Roberts succeeded to as the sole surviving child of Sarah Redona Bryant, and the undivided one-tenth that John Carpenter succeeded to as one of the two children of Virginia Redona Carpenter. The remaining one-tenth was succeeded to by Rachel Carpenter if she survived her grandmother. Where that one-tenth is vested depends upon facts as to which the record is silent.

There is no direct evidence of the death of Rachel Carpenter. Nor does the record disclose any fact from which her death may be inferred as an inference of fact. Except the presumption of law recognized by subdivision 26 of section 1963 of the Code of Civil Procedure—the presumption that a person not heard from in seven years is dead—

there is nothing to sustain respondent's contention · that Rachel Carpenter has departed this life. It is uniformly held that the presumption of death that the law deduces from the fact that a person has not been heard from in seven years does not arise until the expiration of the seven years, "unless," as was said in *Burr* v. *Sim,* 4 Whart. (Pa.) 150, [33 Am. Dec. 50], "there are circumstances in evidence to quicken the time." Here there was no evidence that Rachel Carpenter was subject to any special peril, such as plague, battle, earthquake, shipwreck, dangerous disease, or other circumstance that might "quicken the time" designated by the code. Therefore, assuming, without deciding, that under the facts of this case there is any presumption that Rachel Carpenter is dead, still that presumption could not arise until some time in the year 1915, or about five years after the death of her grandmother, Fermina S. de Redona.

There are one or two decisions of the supreme court of this state that lend color to the view that the rule in this jurisdiction is that, in the absence of any evidence tending to fix the time of death during the seven years' absence, the person unheard of is presumed to be alive until the expiration of the seven years. (*Ashbury* v. *Sanders,* 8 Cal. 62, [68 Am. Dec. 300]; *Western Grain etc. Co.* v. *Pillsbury,* 173 Cal. 135, 138, [159 Pac. 423].) In some of the other jurisdictions the rule is that, while a presumption of death arises from the unexplained absence of a person unheard of for seven years, the presumption extends only to the fact of death at the end of the period, and does not include the date of death, leaving the precise time of death, whether at the end or at any other particular time within the period, to be determined as a question of fact, the burden of showing the time of death being upon the party who claims that it occurred on or before any particular date within the seven-year period. (Ann. Cas. 1917A, p. 82 et seq., note to *McLaughlin* v. *Sovereign Camp.*) "Where a party has been absent seven years, without having been heard of, the only presumption arising is that he is then dead—there is none as to the time of the death. If it become important to anyone to establish the *precise* time of such person's death, he must do so by evidence of some sort, to be laid

before the jury, besides the mere lapse of seven years since being last heard from." (*Spencer* v. *Roper*, 35 N. C. 333.)

Here, to maintain plaintiff's allegation that she is seised of an undivided three-fifths of the lot, the burden is on her to prove that Rachel Carpenter died before July 26, 1910, the date of her grandmother's death—assuming, for the purpose of this decision only, that if Rachel Carpenter did predecease her grandmother, her brother, John Carpenter, plaintiff's grantor, became vested with the undivided one-tenth that otherwise would have descended to Rachel. But it was some time in 1908, at Globe, Arizona, or about two years before the grandmother died, that Rachel was last heard of. As there is no circumstance tending to show that she died prior to July 26, 1910, it follows that the result must be the same whether we adopt the rule that the person "unheard of" is presumed to be alive up to the end of seven years, or the rule that there is no presumption as to when the death occurred during the seven years' absence, but that the burden is upon the party claiming that it occurred on or before a particular time within the seven years to prove the precise time of death. For plaintiff, upon whom the burden rested, made no attempt to assume it by showing at what precise time, during the period of seven years' absence, Rachel Carpenter died.

If Rachel Carpenter and her brother John were both alive at the date of their grandmother's death, then, as the sole surviving children of Virginia Redona Carpenter, who was one of the five children of Fermina S. de Redona, each, Rachel and John, succeeded to an undivided one-tenth. "If the decedent leaves no surviving husband or wife, but leaves issue, the whole estate goes to such issue; and if such issue consists of more than one child living, or one child living and the lawful issue of one or more deceased children, then the estate goes in equal shares to the children living, or to the child living and the issue of the deceased child or children by right of representation." (Subd. 1, sec. 1386, Civ. Code.)

Plaintiff has produced no conveyance from Rachel Carpenter. The deed to plaintiff from Rachel's brother John did not convey the undivided one-tenth that vested in Rachel on her grandmother's death. For even if, by reason of the disputable presumption declared by subdivision 26 of section 1963, it must be presumed that Rachel Carpenter died some

time before the action was commenced, nevertheless, there is no proof that her brother John is her sole heir. It was not shown that there was ever any administration of Rachel Carpenter's estate. In fact, no attempt has been made to show where the undivided one-tenth vested on the death of Rachel.

For these reasons we conclude that plaintiff has failed to show title to the undivided one-tenth that presumably vested in Rachel Carpenter on her grandmother's death. It can only be regarded as a title vested in some co-owner who has not been made a party to the action. Indeed, there is some evidence from which it may be inferred that Rachel Carpenter's father survived her and that he was alive at the time of the trial. A witness testified that the father telegraphed to Arizona to inquire of his daughter's whereabouts. We infer, from the few facts disclosed by the record, that Rachel Carpenter's husband—she married in 1900 a man of the name of Emmett—had obtained a divorce from her. We likewise infer from certain facts presented by the record that Rachel had no children. It is possible, therefore, that her father, who was not a party to the action, is her sole heir, and that he is vested with the undivided one-tenth. (Subd. 2, sec. 1386, Civ. Code.) Though there may be no presumption that Rachel Carpenter, if dead, left any issue, the law does presume, if she be dead, that she left an heir or heirs capable of succeeding to her estate. (*Modern Woodmen* v. *Ghromley,* 41 Okl. 532, [Ann. Cas. 1915C, 1063, L. R. A. 1915B, 728, 139 Pac. 306].) However this may be, it is quite clear that the owner of the undivided one-tenth, whoever he or she may be, is not a party to this action.

[1] In a suit for partition it is indispensable that all cotenants who have not united in the complaint be made parties defendant. (*De Uprey* v. *De Uprey,* 27 Cal. 330, [87 Am. Dec. 81]; *Gates* v. *Salmon,* 35 Cal. 576, 593, [95 Am. Dec. 139]; Id., 46 Cal. 361, 373, 374; *Sutter* v. *San Francisco,* 36 Cal. 112; *Hill* v. *Den,* 54 Cal. 6; *Ferris* v. *Montgomery L. & I. Co.,* 94 Ala. 557, [33 Am. St. Rep. 146, and note, 10 South. 607]; *Burchett* v. *Clark,* 162 Ky. 586, [172 S. W. 1048]; Freeman on Cotenancy and Partition, sec. 463.) If one of the co-owners is not bound by the decree in partition, the purpose of the suit fails of ac-

complishment, for no one will then become a tenant in severalty. Appellant, whom plaintiff admits owns an undivided one-fifth, is entitled to have, in this proceeding, a title not subject to the possibility of the entire partition being opened up by parties not before the court.

[2] It is the general rule in equity, continued in force by our Code of Civil Procedure, that all who are interested in the subject matter of a litigation should be made parties thereto, in order that complete justice may be done and that there may be a final determination of the rights of all parties interested in the subject matter of the controversy. It is provided by section 389 of the Code of Civil Procedure that "when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in." [3] This provision of the statute is mandatory. When it appeared to the court, as, from the evidence, it necessarily must, that it was essential to a full and complete determination of the controversy before it that the owner of the undivided one-tenth should be made a party, it was the imperative judicial duty of the court to order that party brought in. It was not a matter of discretion, but of duty for the court, even upon its own motion, to require the presence of such co-owner. (*O'Connor* v. *Irvine*, 74 Cal. 442, [16 Pac. 236]. See, also, *Mitau* v. *Roddan*, 149 Cal. 1, [6 L. R. A. (N. S.) 275, 84 Pac. 145].) In a suit for partition, if a co-owner is not made a party plaintiff or defendant, and the nonjoinder appears by the record so that an appellate court may take cognizance of it, it will reverse the judgment, whether the attention of the trial court was called to the defect or not. (30 Cyc. 201, 202; *Russell* v. *Bell*, 160 Ala. 480, [49 South. 314].)

Because the ownership of the undivided one-tenth is not represented, the decree must be reversed.

Appellant has presented several other interesting questions —questions that necessarily must arise on a retrial of the action—but we do not think it proper to pass upon them in the absence of the owner of the undivided one-tenth that, on the record now before us, presumably vested in Rachel Carpenter upon her grandmother's death.

Judgment reversed.

Works, J., and Craig, J., concurred.