[Civ. No. 8787.   Second Appellate District, Division Two.—March 31, 1933.]

MYRON H. GOBLE, Petitioner, v. APPELLATE DEPARTMENT OF THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Burke, Hickson & Burke and Daniel G. Marshall for Petitioner.

738

Everett W. Mattoon, County Counsel, J. F. Moroney, Deputy County Counsel, Mathes & Sheppard, Robert A. Cushman and Gene G. Curry for Respondents.

WORKS, P. J.—█ The petition for the writ of mandate is demurred to on the ground that no cause for relief is stated against respondent judges. The demurrer must be sustained. This point has been decided with tiresome frequency. (See, for instance, *Alexander* v. *Superior Court*, 91 Cal. App. 312 [266 Pac. 993].)

Demurrer is also interposed on the grounds, in effect, that the Appellate Department of the Superior Court is not a proper party respondent and that the proper party is the superior court. This point we shall not determine. We shall assume, for the purpose of the decision only, that the proceeding has been properly instituted against the Appellate Department.

█ The Appellate Department, on the day preceding the one on which its *remittitur* ordinarily would have gone down to the municipal court in a certain case, entered an order staying the issuance of the *remittitur*. This order was made without notice. The writ of mandate is asked for the purpose of requiring the *remittitur* to be sent down, but solely upon the ground that the order staying it was made without notice, it being admitted that respondent has power to stay the issuance of *remittitur* upon notice. Whether notice is required as a prerequisite to such a stay order we shall also not decide.

After the order was made, petitioner, upon due notice, moved respondent that it be vacated, a hearing of the motion was had and it was denied. This circumstance cured the lack of precedent notice, if there was legally such a lack (*Bryan* v. *Stidger*, 17 Cal. 270; *Doehla* v. *Phillips*, 151 Cal. 488 [91 Pac. 330]). In a case before the Supreme Court an order was made ''directing the immediate issuance and execution of an order of sale''. This order was made upon an *ex parte* application. A motion was then made for a stay of the execution and it was denied. The court said: ''Whether the court erred in granting the order without notice need not be considered, as plaintiffs were heard upon the motion to recall the order or to stay its execu-

tion; and if their motion was properly denied, they were not prejudiced by the first order'' (*Thomas* v. *San Diego College Co.*, 111 Cal. 358 [43 Pac. 965, 967]). In other words, to translate this language into terms of the present proceeding, while petitioner had no notice preceding the order staying *remittitur*, he had his day in court under the motion to vacate it. It is for this reason that he was not prejudiced by the lack of notice. The only purpose of the notice, if one were in fact required, would have been to furnish him an opportunity to be heard. That opportunity he has had.

Many other points are made in the proceeding but it is unnecessary to consider them.

The demurrer of respondent judges is sustained. The alternative writ of mandate is vacated and a peremptory writ is denied.

Craig, J., and Archbald, J., *pro tem.*, concurred.