[Civ. No. 11280. First Appellate District, Division One.—March 1, 1940.]

GEORGE H. LEARNED, Respondent, v. BOARD OF EDUCATION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

WENSINGER F. MAHONEY, Respondent, v. BOARD OF EDUCATION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

John J. O'Toole, City Attorney, Walter A. Dold, Chief City Attorney, and Irving G. Breyer for Appellants.

Piccirillo & Wolf, Sullivan, Roche & Johnson and Eustace Cullinan, Jr., for Respondents.

WARD, J.—Motions by respondents to dismiss appeals from orders directing a further accounting and the continuance of an investigation into the books of defendant board, following the rendition and entry, upon stipulation of the respective parties, of a decree establishing that judgment be entered forthwith, with interest from the date thereof, upon an amount to be thereafter ascertained from an accounting. Such motions are made upon the ground that an order of this character is a nonappealable interlocutory order, and that the appeal should be dismissed as being prematurely brought. The actions are in *mandamus,* to compel the appellant board to pay to respondents, assignees of a number of teachers, an alleged salary deficiency. The above appeals, with certain variations as to dates, are similar.

After a partial computation by an accountant judgments were entered that defendants pay plaintiffs the amounts as determined, and partial satisfactions were filed. It appeared, however, that additional amounts might be due the assignors and an order was therefore made directing the accountant to make a further and final computation, applying certain principles established by the order.

■ Defendants, while admitting that an interlocutory order is nonappealable, base the present appeal upon the theory that the order referred to was appealable as a special order made after final judgment. (Code Civ. Proc., sec. 963, subd. 2; *Nuckolls* v. *Bank of California*, 10 Cal. (2d) 266 [74 Pac. (2d) 264, 114 A. L. R. 708].) This leaves one issue to be disposed of, namely, was the order directing the entry of judgment, based on computations to be ascertained, a final, or merely an interlocutory, order? If any confusion existed (*Middleton* v. *Finney*, 214 Cal. 523 [6 Pac. (2d) 938]; *Hollar* v. *Saline Products, Inc.*, 3 Cal. (2d) 80 [43 Pac. (2d) 273]), based upon early cases in California and elsewhere, as to whether or not an order to take an accounting, when such is necessary to ascertain the amount of recovery, if any, is an interlocutory or final judgment, it has been set at rest in *Gunder* v. *Gunder*, 208 Cal. 559, 561, 562 [282 Pac. 794], wherein the court said: "It is contended by the appellant that the judgment is a final judgment in accordance with the rule stated in the case of *Zappettini* v. *Buckles*, 167 Cal. 27 [138 Pac. 696]. As stated by the court in that case, however, the decree there was similar to the decree from which an appeal was taken in the case of *Clark* v. *Dunnam*, 46 Cal. 204, and the decision of the latter case was followed by the court in the Zappettini case. In neither of those cases did the decree involve a reference for an accounting, but in each case it ordered a sale of property and specified the distribution to be made of the proceeds. There was therefore in those cases no further judicial action required on the part of the court to adjudicate finally the rights of the parties.

"While there is a conflict of authority on the question whether a decree which settles the basic issues between the parties, adjudges the complainant's right to an accounting and refers the items of the account to be found by a master, etc., is an appealable judgment (see *Wells* v. *Shriver*, 81 Okl. 108 [197 Pac. 460]), we are persuaded from an examination of the authorities that the rule adopted by the courts of this state and applicable to the present case is based on the desirability of subjecting the parties to but one appeal at the determination of the entire controversy between them (see *Doudell* v. *Shoo*, 159 Cal. 448, 454 [114 Pac. 579]; *Gianelli* v. *Briscoe*, 40 Cal. App. 532, 536 [181 Pac. 105]; Bancroft's Code Practice and Remedies, p. 8329), and is stated in

*Pomper* v. *Superior Court,* 191 Cal. 494, at page 496 [216 Pac. 577], as follows: 'The general rule is that where a decree is made fixing the liability and rights of the parties which refers the case to a master or subordinate tribunal for a judicial purpose, such, for instance, as the statement of an account, upon which a further decree is to be entered, the decree is not final (2 Cal. Jur., secs. 19, 20, p. 142; *California Nat. Bank* v. *Stateler,* 171 U. S. 447 [43 L. Ed. 233, 19 Sup. Ct. Rep. 6, see, also, Rose's U. S. Notes]; *Clement* v. *Duncan,* 191 Cal. 209 [215 Pac. 1025]; *Doudell* v. *Shoo,* 159 Cal. 448, 453 [114 Pac. 579]).'

"It is apparent upon the showing made in this case that the judgment is not and was not intended by the court to be a final determination of the controversy in the trial court but that final judgment as to the issues adjudicated was reserved by the court to be entered upon the submission of the referee's report, which would then be subject to 'the court's approval', and at which time the court would also render its 'final judgment in favor of said plaintiff and against said defendant in such amount as the court may find that the plaintiff is entitled to'; and that the appeal should therefore be dismissed."   (See, also, *Heywood* v. *Sooy,* 4 Cal. (2d) 352 [49 Pac. (2d) 826]; *Cloud* v. *State Terminal Co., Ltd.,* 22 Cal. App. (2d) 568 [71 Pac. (2d) 600]; *Holmes* v. *Hatch,* 11 Cal. (2d) 376 [80 Pac. (2d) 70]; *White* v. *White,* 26 Cal. App. (2d) 524, 531 [79 Pac. (2d) 759]; *McAllen* v. *Souza,* 7 Cal. App. (2d) 130 [45 Pac. (2d) 832.])

The law contemplates but one appeal taken from a judgment after an accounting which is a substitute for findings. Whether, under certain facts, an order for judgment is interlocutory or final, may be a close question in some cases; but in the instant proceeding the fact, that the court found the accountant's report to be incomplete and directed a further accounting in which certain principles set forth in the orders were to be followed, is indicative that the judgment or order then given was not final, but contemplated the making of a further order after the filing and approval of the accountant's report, this latter order being the final judgment in contradistinction to a special order made after judgment.

Reference is made, in the memoranda of points and authorities attached to the notices of motions to dismiss appeals,

to orders made January 17, 1939. The record discloses that appeals were also taken from similar orders made September 28, 1938, and entered October 4, 1938. During oral argument and prior to submission of the motions filed, it was stipulated that the motions should be considered as applicable to all appeals from orders; those made September 28, 1938, and entered October 4, 1938, as well as those made January 17, 1939.

Motions to dismiss each and all appeals referred to in the clerk's transcript on appeal (Civil No. 11280) granted.

Peters, P. J., and Knight, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 29, 1940.