[Civ. No. 3095.   Fourth Dist.   Mar. 9, 1943.]

ROSE HECK, Respondent, v. HECK BROS. (a Copartnership) et al., Appellants.

Kendall & Howell and Sidney J. W. Sharp for Appellants.

Borton, Petrini, Conron & Borton for Respondent.

GRIFFIN, J.—Plaintiff and respondent Rose Heck, and defendant and appellant O. C. Heck, were married on March 27, 1925. They separated on March 13, 1941. Subsequently, Rose Heck filed this action against her husband, O. C. Heck, and E. P. Heck, his brother, who were conducting a farming business as a copartnership under the firm name of Heck Bros. She alleges generally in her complaint that on November 18, 1920, prior to her marriage, O. C. Heck advanced $33,656.59 to the partnership, and that the partnership agreed to repay said sum to O. C. Heck during the course of administration of the partnership or upon its dissolution; that a promissory note was given to O. C. Heck by the partnership evidencing such advance or loan; that O. C. Heck, shortly prior to their marriage, made a gift to her of the obligation of the copartnership and that she is now the owner thereof; that said sum is now due, owing and unpaid by the copartnership and that certain sums may have been heretofore paid thereon by the copartnership to O. C. Heck but that the amounts so paid are not within her knowledge; that the sums so received by O. C. Heck as payment on said obligation are held in trust by him for her benefit; that since

their separation "there has arisen an actual controversy between the plaintiff and defendants herein concerning the status and character of said obligation and whether or not said obligation is barred by any statute of limitations"; that defendants refused to account to plaintiff for such sums as are due, if any; that the obligation of the defendants should be ascertained and fixed and be made a charge upon all the assets of the copartnership; that some of the copartnership assets are held in the name of O. C. Heck individually, and some in the name of E. P. Heck individually. Judgment was sought declaring that "the rights and duties of the plaintiff and defendants concerning said obligations be fixed and determined"; that the defendants be compelled to account; that the amount of the unpaid obligation, together with interest, be fixed and determined; that judgment be rendered that the copartnership owes to the plaintiff $33,656.59; that judgment be entered for such other sum as may be found owing and unpaid on account of the obligation; that that sum be made a charge upon all the assets of the copartnership and be adjudged to be a claim ranking in priority to the claims of the copartners upon the copartnership for capital contributions and for accrued profits; that O. C. Heck be required to account for such sums, if any, as he may have received on said obligation for and on behalf of this plaintiff and that a trust be imposed upon said funds in the hands of the defendant O. C. Heck or upon the properties in which said funds were invested, and that judgment be given the plaintiff accordingly.

Defendants answered, admitted certain advances in the form of a loan were made by O. C. Heck in the sum of $33,656.59, and that the partnership agreed to repay to him the loans; that the agreement was evidenced by a promissory note executed on November 18, 1920, in said sum; and that the note was never endorsed nor delivered to plaintiff but is now the property of O. C. Heck.

The answer alleges that the statute of limitations has run on the note; denies that any sums were theretofore paid to O. C. Heck on behalf of plaintiff E. P. Heck or the partnership; denies that any controversy has arisen between plaintiff and defendants concerning the status and character of the obligation; that no consideration passed to defendants

for the alleged gift of the obligation or note to the plaintiff. They deny generally other allegations of the complaint and pray for a judgment for defendants. ■ After trial the court made purported findings finding generally in accordance with the allegations of the complaint and entered a judgment which appellants claim is a final judgment and from which they have a right of appeal, and that the appeal therefrom is proper. Respondent claims that the judgment is interlocutory and that an appeal does not therefore lie from an interlocutory judgment, and contends that the appeal should be dismissed. This is the only question here presented.

Appellants and respondent agree that if the judgment appealed from is interlocutory, appellants' appeal is premature and should be dismissed. Section 963 of the Code of Civil Procedure sets forth the cases in which an appeal may be taken from judgments of the superior court and in effect provides that no appeal may be taken, except from a final judgment, other than from interlocutory judgments in cases of partitions and divorces. The judgment signed by the court recites that the copartners are indebted to plaintiff "for an amount found to be owing and unpaid on the obligation, hereinafter described, by the accounting hereinafter ordered by the court"; "That the plaintiff Rose Heck is the owner of said obligation, and said obligation is a valid and subsisting and continuing obligation of said copartnership to said plaintiff; that no part of the principal or interest of said obligation has been paid; . . . that said obligation is the agreement of said copartnership . . . for the payment in due course of administration of said copartnership, of the said principal sum of $33,656.59, and said interest because of advances of capital to said copartnership by the said O. C. Heck on or prior to November 18, 1920, and said obligation is payable out of the assets of said copartnership after the payment of the creditors of said copartnership other than partners; . . . that an accounting be made before this court by the defendants of the affairs of said copartnership to ascertain and determine the creditors of said copartnership other than partners, to determine the assets of said copartnership, and all the dealings and transactions had between said copartners and said copartnership, and to determine the amount owing to plaintiff on said obligation, and that a money judgment be entered herein in favor of the plaintiff and against the defendants for

the said amount so found to be owing to the said plaintiff as the result of said accounting, and for her costs of suit; . . . that it is not fair, just nor equitable that the payment of said obligation be delayed, and it is therefore ordered, adjudged and decreed that said judgment be a lien on . . . all of the assets and properties of said copartnership to secure the payment of said judgment . . . that unless the said judgment of plaintiff is paid within sixty days from the entry of the said money judgment, that said lien be foreclosed . . .''

After the entry of that judgment a motion for new trial was made and denied. On August 27, 1942, plaintiff noticed a motion to set the case for trial for the purpose of making the accounting provided for in the judgment. The motion was granted and the matter was set down for hearing for October 27, 1942. Notice of trial was given. Notice of appeal was filed on October 14, 1942. Objection was made by appellants to the jurisdiction of the court to proceed. The court ordered that no further proceedings be had until the disposal of the appeal.

█ The law clearly contemplates that but one appeal shall be taken from a judgment. (*Learned* v. *Board of Education*, 37 Cal.App.2d 561 [99 P.2d 1100].) █ It is a general rule that where a decree is made fixing the liability and rights of the parties and referring the case to a master or subordinate tribunal for a judicial purpose such, for instance, as the statement of an account, upon which a further decree is to be entered, the decree is not final. Whether, under certain facts, an order for judgment is interlocutory or final, may be a close question in some cases. Two conflicting lines of authority bearing upon the subject are reviewed in *Security-First National Bank* v. *Superior Court*, 132 Cal.App. 683 [23 P.2d 1055]; and reiterated in *Lyon* v. *Goss*, 19 Cal.2d 659, 670 [123 P.2d 11]. We are persuaded, however, from an examination of the more recent authorities, that the judgment entered herein was interlocutory in character and there remained further judicial action on the part of the court before there could be a final determination of the entire controversy between them. (*Gunder* v. *Gunder*, 208 Cal. 559, 561 [282 P. 794].)

In *Lyon* v. *Goss, supra*, it was held (quoting from the syllabus) that ''As a general test, which must be adapted to the particular circumstances, where no issue is left for future consideration except the fact of compliance or noncompli-

ance with the terms of the first decree, the decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.''

Under these rules, an examination of the judgment appealed from in the instant case clearly and conclusively shows the interlocutory nature of its terms. The judgment appealed from first adjudges that the defendants are copartners. It then adjudges that they are indebted to the plaintiff for the amount *found to be owing* and unpaid under the obligation, by an accounting *hereinafter ordered* by the court. The obligation is payable out of the assets of said copartnership, *after* the payment of the creditors of said copartnership other than partners. An accounting is ordered to be made before the *court* by the defendants, of the affairs of the copartnership, and ''to determine the amount owing to plaintiff on said obligation'' and ''that a money judgment *be entered* herein in favor of the plaintiff and against the defendants for the said amount *so found to be owing* to said plaintiff *as the result* of said accounting and for her costs of suit.'' A lien is imposed upon the assets of the copartnership, and it is further ordered that ''unless the said judgment of the plaintiff is paid within 60 days from the *entry of said money judgment*'' that the lien be foreclosed. It is obvious that something judicial in nature remains to be done other than the compliance or noncompliance with the order. Each of the foregoing involves a judicial determination, which is a necessary determination upon which to base the final judgment. It is to be noted that the amount actually due to the plaintiff is not fixed in the judgment appealed from but is left to be determined by an accounting, and to be imbodied in the final judgment. The attempted appeal is from a judgment obviously interlocutory in nature and should be dismissed.

Appellants' position on this appeal is well understood by this court. Many cases are cited following the general statement quoted from 2 Cal.Jur. 142, sec. 20, and from an observation of that general statement it is sometimes very difficult to determine whether a decree or judgment is a ''final judgment'' within the meaning of that term as used in our statutes concerning appeals. Therefore, appellants were placed in a position where they could not sit idly by believing the judgment to be interlocutory in character and later find that they had lost their right of appeal because it might be subsequently

determined, in view of some of the older decisions, that the judgment was a final determination of their rights. While it might be argued that it would be less expensive to the litigants to have the correctness of the trial court's decision in the interlocutory judgment first determined before consuming further time and expense in having an accounting or further action of the trial court in determining the remaining issues, we cannot, in view of the later decisions and the statutes applicable, hold contrary to the view expressed that the law does not permit a multiplicity of appeals from the same judgment in the same action, but contemplates that there shall be but one final judgment and but one appeal therefrom. (*Learned* v. *Board of Education,* 37 Cal.App.2d 561 [99 P.2d 1100].) However, a consideration of the propriety of any interlocutory judgment may be questioned upon an appeal from the final judgment. (*Lyon* v. *Goss, supra,* p. 671.)

Appeal dismissed. .

Barnard, P. J., and Marks, J., concurred.