[Civ. No. 3407.   Fourth Dist.   Apr. 5, 1946.]

ALBERT SWARTHOUT, Respondent, v. J. DALE GENTRY, Appellant.

Duckworth, Mussell & King and Fred A. Wilson for Appellant.

William Guthrie, Donald W. Jordan and P. N. McCloskey for Respondent.

MARKS, J.—This is a motion to dismiss an appeal from a judgment which defendant maintains is final and which plaintiff argues is only interlocutory and therefore not appealable.   The appeal is also submitted on the merits but if the motion is granted there will be no occasion to consider the merits of the cause.

Plaintiff brought this action, alleging that he and defendant were partners in the cattle business; that the assets of the partnership consisted of personal property; that he and

defendant owned real property as tenants in common. He sought a dissolution of the partnership and a partition of the real property. Defendant denied that any real property was owned by the parties as tenants in common. He alleged the real and personal property belonged to the partnership and sought its dissolution. The trial court found in favor of plaintiff at the first trial. The judgment was reversed on appeal principally because the evidence failed to support the finding that the real property was owned by the parties as tenants in common but instead disclosed it was an asset of the partnership of Gentry and Swarthout. (*Swarthout v. Gentry,* 62 Cal.App.2d 68 [144 P.2d 38].)

No amended pleadings were filed and at the opening of the second trial the following stipulation was entered into:

"That the parties out of court have entered into a fair and equitable settlement of the issues respecting mutual accounting and credit to be allowed one or the other, and that by reason thereof there is no indebtedness of the partnership to either partner and no indebtedness of either partner to the other as respect to the partnership operations and property, and it is further stipulated that the only issue for determination by the Court is the distribution of the partnership assets."

The trial court found that a division of the partnership real property between the two partners would be the most fair, just and equitable method for its disposition and could be made "without serious loss to the partners or either of them," and that the partnership properties could not be sold and the sale price divided "without serious prejudice and loss to the partners." The trial court further found "that it is necessary that such division be effected by determination of this court and that such determination can be most practicably, equitably and properly effected by the appointment of referees in conformity of the practices and provisions set forth and provided for in Chapter IV, Title 10, of Part 2, of the Code of Civil Procedure of the State of California, and by the taking and carrying out of such proceedings by such referees and by this court as are provided for in the case of partitions of real property by the provisions of such Chapter IV."

In the judgment three referees were appointed to partition the property with the following powers, among others:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that said referees are hereby authorized, whenever it shall be to the advantage of the parties, to set apart portions of the properties for pipelines, ways, roads, streets or other easements necessary or convenient for the use of the parties, or either of them, their heirs and assigns, in and about the beneficial use of the respective properties set aside to them and each of them; and

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if it appears that partition cannot be made equal between the parties according to their respective rights without prejudice to the rights and interests of either of them, the Court shall adjudge compensation to be made by one party to the other on account of the irregularity, and the referees are directed to specify in their report the facts showing such inequality and the amount of compensation required to be made on account of inequality. . . .

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that either party to the action, after giving at least ten days notice in writing to the other party of his intention to do so, may move the court to confirm, change, modify, or set aside such report; that the court may appoint new referees."

In this connection it should be noted that the sections of the Code of Civil Procedure adopted by the trial court, under which the division of the partnership property is to be made, provide that partition may be made when property is owned by cotenants as joint tenants, or tenants in common, or when there is a life estate with a remainder over, and do not by their express terms extend to property owned by a partnership which in California is a separate estate. (Civ. Code, § 682.) However, this question pertains to the main appeal and need not be noted further here, although it is stressed in the brief filed by appellant in resisting the motion to dismiss the appeal.

It is clear from the record and the stipulation already quoted, that at the second trial the plaintiff abandoned his original contention that the real property was owned by himself and defendant as tenants in common and agreed with the holding on the former appeal that the real and personal property involved was owned by the partnership of Gentry and Swarthout. Therefore the action must now be

regarded as one for dissolution of the partnership under the allegations of the cross-complaint.

The question of whether a judgment is final or merely interlocutory has been a close and troublesome one and numerous appeals have been taken out of an abundance of caution, because of that uncertainty, to protect the rights of an appellant against a possible holding that a judgment although termed interlocutory was in fact final, (*Heck* v. *Heck Bros.*, 57 Cal.App.2d 599 [134 P.2d 853]), which may be the reason for the appeal before us.

The rule in effect now is stated in *Gunder* v. *Gunder*, 208 Cal. 559 [282 P. 794], as follows:

". . . we are persuaded from an examination of the authorities that the rule adopted by the courts of this state and applicable to the present case is based on the desirability of subjecting the parties to but one appeal at the determination of the entire controversy between them (Citing cases), and is stated in *Pomper* v. *Superior Court*, 191 Cal. 494, at page 496 [216 P. 577], as follows: 'The general rule is that where a decree is made fixing the liability and rights of the parties which refers the case to a master or subordinate tribunal for a judicial purpose, such, for instance, as the statement of an account, upon which a further decree is to be entered, the decree is not final.' "

This rule was further amplified in *Bakewell* v. *Bakewell*, 21 Cal.2d 224 [130 P.2d 975], as follows:

"The general test for determining whether the judgment is final is 'that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' (*Lyon* v. *Goss*, 19 Cal.2d 659 [123 P.2d 11].) . . .

"On appeal from the final judgment the rulings and decision of the court on all issues are reviewable. (Code Civ. Proc., § 956.) Only one final judgment may be entered in an action. *Middleton* v. *Finney, supra,* [214 Cal. 523, 6 P.2d 938, 78 A.L.R. 1104]; *Doudell* v. *Shoo,* 159 Cal. 448 [114 P. 579].) The fact that the court in the judgment before us assumed improperly to establish certain rights of the parties and to make orders therein effective immediately is not alone

sufficient to render it a final judgment." (See, also, *White* v. *White*, 26 Cal.App.2d 524 [79 P.2d 759] ; *Heck* v. *Heck Bros.*, *supra.*)

It clearly appears from the portions of the judgment already quoted that much remains of a judicial nature to be finally settled by the trial court.

■ The referees may report on easements and rights of way that are necessary or convenient for use by one party over property of the other. Of course such a report could only amount to a recommendation with final decision resting in the court. This is clearly a judicial matter reserved for future determination.

The referees are required to report any inequality in value in the properties awarded to the partners and to recommend the amount to be paid by one to the other. The trial court would have to make an award of such amount in a final judgment. This statement is made without any intention of holding that there is power in the court to make such an award in an action for dissolution of a partnership.

Finally the right is given to either part to move "to confirm, change, modify or set aside such report" with the further power reserved to the court to "appoint new referees" presumably so the entire proceeding may be repeated if the partition made by the first referees does not meet the approval of the court.

Clearly much is left to future judicial determination by the trial court. The judgment before us is an interlocutory, not a final judgment from which an appeal may be taken, (Code Civ. Proc., § 963) and "it will not be assumed that the trial court will attempt to enforce those provisions of the judgment which are improperly declared to be immediately effective." (*Bakewell* v. *Bakewell, supra.*)

The appeal is dismissed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 27, 1946. Schauer, J., voted for a hearing.