[S. F. Nos. 17621, 17715, 17722.   In Bank.   Mar. 22, 1949.]

E. V. LACEY, Appellant, v. S. BERTONE, Respondent.

Phil F. Garvey, James A. Himmel and Julia M. Easley for Appellant.

Louis Ferrari and Allen Spivock for Respondent.

GIBSON, C. J.—Lacey entered into a contract to purchase four apartment houses from Bertone. Numerous disputes arose between the parties as to the terms and performance of the agreement, and Lacey brought this action for specific performance and declaratory relief. Bertone filed a. cross-complaint seeking cancellation of the contract together with damages and an accounting of rents collected by Lacey while he was in possession. After trial and submission of the action, but before judgment, Bertone obtained an injunction pendente. lite restraining Lacey from collecting rentals and from interfering with Bertone's access to the premises in controversy. Lacey has appealed from the order granting the injunction and from an order denying his motion to dissolve or modify the injunction. Bertone was also given a judgment which terminated the contract, awarded damages, and ordered an accounting, and Lacey has filed separate notices of appeal from the judgment and from an order denying a motion to tax costs.

The questions presented on these appeals are: (1) whether the orders granting the injunction and refusing to dissolve it should be reversed because of defective notice of hearing; (2) whether the judgment which ordered an accounting is interlocutory or is final and appealable; and (3) whether the order denying the motion to tax costs is appealable.

An order to show cause why an injunction pendente lite. should not issue, made returnable on June 2, 1947, was served on Lacey on May 29, but no service was made on his attorney of record, and no appearance was made on his behalf when the matter came on for hearing. A temporary restraining order was granted, and thereafter, on June 10, the court signed and filed an order granting the injunction. On June 13, Lacey served a notice of motion to dissolve the injunction on the following grounds: (1) That the injunction was granted. without the notice required by law; (2) that there was no. sufficient ground for the injunction; (3) that the extent of the injunction was too great; and (4) that no written undertaking was given as required by section 529 of the Code of Civil Procedure. On the hearing of the motion, the court ordered the matter submitted upon filing of briefs, and the motion was subsequently denied.

Bertone had filed an undertaking with personal sureties, and on June 13, the same day that Lacey served his motion to dissolve the injunction, he also served a notice of exception to the sureties. The justification of the sureties was set for hearing at the same time as the motion to dissolve the injunction, and the court then made an order permitting a deposit of cash in lieu of a bond.

Lacey contends that the order granting the injunction should be reversed for failure to give proper notice of the hearing because the only notice was that served on him four days before the hearing, and that the order denying his motion to dissolve the injunction should be reversed for the same reason. He relies on section 528 of the Code of Civil Procedure, which provides that an injunction cannot be allowed after the defendant has answered, unless upon notice, or upon an order to show cause. He also asserts that an order to show cause is a notice of motion which is defective if not served five days prior to the hearing as required by section 1005 of the Code of Civil Procedure, and that such an order is a pleading which should be served on counsel of record pursuant to sections 1014 and 1015. We are of the opinion, however, that he is in no position to raise these objections and that he waived the lack of proper notice by making a general appearance on the motion to dissolve the injunction.

It is well settled that personal service of process may be waived and that where a person voluntarily appears generally he will be held to have waived the objection even though there was no service upon him. (*Raps* v. *Raps*, 20 Cal.2d 382, 384 [125 P.2d 826] ; *Olcese* v. *Justice's Court*, 156 Cal. 82, 87 [103 P. 317] ; *Security etc. Co.* v. *Boston etc. Co.*, 126 Cal. 418, 421-423 [58 P. 941, 59 P. 296] ; *Remillard Brick Co.* v. *Dandini*, 47 Cal.App.2d 63, 65-66 [117 P.2d 432].) If he requests any relief that can be given only on the hypothesis that he is properly before the court, he thereby submits to the jurisdiction of the court and must necessarily be held to have waived the irregularity of his summons. This rule is ordinarily applied when the defect consists in a failure to serve summons or give the notice required to bring the party before the court originally. (*Farmers etc. Nat. Bank* v. *Superior Court*, 25 Cal.2d 842, 846-847 [155 P.2d 823] ; *Judson* v. *Superior Court*, 21 Cal.2d 11 [129 P.2d 361] ; *Olcese* v. *Justice's Court, supra*; *Raps* v. *Raps, supra*.) It likewise applies when there is a failure to give proper notice of subsequent proceedings to a party who has appeared in the action.

(*Thomas* v. *San Diego College Co.,* 111 Cal. 358, 365 [43 P. 965] ; *Miller* v. *Miller,* 57 Cal.App.2d 354, 359-360 [134 P.2d 292] ; *Goble* v. *Appellate Dept. of Superior Court,* 130 Cal. App. 737, 738 [20 P.2d 345].)

■ In the present case, if Lacey wished to make a special appearance, he should have relied solely on the lack of proper notice as specified in the first ground of his motion. Instead, he also asked for other relief which could properly be given only if the court had jurisdiction of his person, namely, that there was no sufficient ground for the injunction and that it was too broad in scope. The rules governing special and general appearances are in nowise affected by section 532 of the Code of Civil Procedure, which provides that if an injunction is granted without notice the person enjoined may apply to the court to dissolve or modify the same. The statute does not purport to permit a party to rely on the special defense of lack of notice and at the same time to request additional relief on the merits, and, as we have seen, if he requests such additional relief he waives the special objection that there was a lack of proper notice. On Lacey's motion to dissolve or modify the injunction he had ample opportunity to litigate the merits of the matter and, having made a general appearance, cannot now be heard to complain of defects in the service of the order to show cause. Moreover, by taking exceptions to the sureties and obtaining a cash deposit in lieu of the undertaking with personal sureties, Lacey sought and obtained additional relief which was inconsistent with any claim that he was making merely a special appearance.

■ The trial court found that Lacey was entitled to no relief on his complaint and decided in favor of Bertone on the cross-complaint. The judgment awarded Bertone possession of the premises, damages, and three unliquidated items, as follows: all installments of the purchase price remaining unpaid at the date of the decree, the amount of any installment of taxes required by the contract to be paid by plaintiff and remaining unpaid at the date of the decree, and any other demands that may be allowable to Bertone by reason of Lacey's failure to perform the terms of the contract for which Bertone has not been compensated by the provisions of the decree. As to those three items the judgment provided: "That said E. V. Lacey is HEREBY ORDERED to render to said S. Bertone an account of all said sums; that in the event said E. V. Lacey fails to render such account, or in the event that the court finds such account unsatisfactory, incomplete or otherwise

objectionable, the Court will fix a time and place for a hearing to be held before the above entitled Court upon such notice as the Court may designate and fix, to determine the amount due said S. Bertone from said E. V. Lacey pursuant to the terms of the contract of August 1, 1945, to the date of this decree.'' Lacey filed notice of appeal from this judgment before rendering the required accounting, and Bertone has moved to dismiss the appeal on the ground that no final judgment has been entered in the court below.

Under section 963 of the Code of Civil Procedure, an appeal lies only from a final judgment except in certain cases not involved here. Where a judgment fixes the rights and liabilities of the parties and directs a reference to a master or subordinate tribunal for an accounting, the judgment is not final but is interlocutory and, hence, nonappealable. (*Hollar* v. *Saline Products, Inc.,* 3 Cal.2d 80 [43 P.2d 273] ; *Gunder* v. *Gunder,* 208 Cal. 559, 561 [282 P. 794].) The rule is based on the desirability of subjecting the parties to but one appeal at the determination of the entire controversy between them (*Gunder* v. *Gunder, supra,* 208 Cal. at p. 561; *Heck* v. *Heck Bros.,* 57 Cal.App.2d 599, 605 [134 P.2d 853]), and the reason for the rule applies to a case, such as the present, where the court orders a party to render an accounting instead of referring the matter to a master for that purpose. (*Heck* v. *Heck Bros., supra*; cf. *Learned* v. *Board of Education,* 37 Cal. App.2d 561 [99 P.2d 1100].) Since there remains a judicial act to be done, i. e., approval of the account to be rendered, the judgment is not final, and this is true even though the judgment does not expressly state that a later final judgment is to follow. (See *Hollar* v. *Saline Products, Inc., supra.*)

Lacey nevertheless contends that the judgment was a final judgment for the reason that the direction for an accounting was improper and mere surplusage in view of the finding of the trial court that the monthly installments on purchase price, taxes and other expenses had been paid. Stated in other words, the contention is that, because the court found that these items had been paid, there was no basis for ordering an accounting and that the erroneous direction to give an accounting must be disregarded as improper and surplusage. The cross-complaint, however, sought an accounting, and the case was one in which the court had jurisdiction to grant this relief. Since the judgment ordered an accounting, whether properly or erroneously, it was interlocutory, and even assuming that the finding made the ordering of an accounting un-

654

necessary and therefore erroneous, the propriety of the order cannot be reviewed at this time because there has been, as yet, no final appealable judgment. (See *Heck* v. *Heck Bros.*, 57 Cal.App.2d 599, 605 [134 P.2d 853].)

Bertone has also moved to dismiss the separate appeal taken by Lacey from an order denying his motion to tax costs. Such an order is appealable only when it is an order made after final judgment; when made before entry of final judgment it is not appealable but may be reviewed on appeal from the judgment. (*Empire etc. Co.* v. *Bonanza etc. Co.*, 67 Cal. 406, 411 [7 P. 810] ; *Levy* v. *Getleson,* 27 Cal, 685, 688 ; *People* v. *California Protective Corp.*, 76 Cal.App. 354, 358 [244 P. 1089].) Here, as we have seen, there has been no final judgment, and the order, therefore, is not appealable.

The appeals from the judgment and from the order denying the motion to tax costs are dismissed. The orders granting an injunction *pendente lite* and denying a motion to dissolve the injunction are affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.