[Civ. No. 4300.   Fourth Dist.   July 13, 1953.]

DAN SHIRLEY, Respondent, v. CHESTER W. COOK, Appellant.

R. I. French and Ernest R. Utley for Appellant.

Horton & Knox for Respondent.

GRIFFIN, J.—Plaintiff and respondent brought this action alleging generally that there was an oral agreement of partnership pursuant to which plaintiff and this appealing de-

fendant conducted general farming operations in Imperial County. The principal conflict revolved around the question of the terms of this oral agreement of partnership and whether or not the real property in question was, pursuant to the oral agreement of partnership, acquired as an asset of the partnership. Plaintiff, in his complaint, alleged that the real property, although paid for by defendant, was acquired by defendant for the partnership. (Title thereto was taken in defendant's name and that of his wife, Eleanor M. Cook, as joint tenants.) The wife was not made a party to this action. The prayer was for an order directing that the books and records of the partnership be made available for the purpose of making an accounting of the partnership operations, for the appointment of a referee for that purpose, and for an ''order declaring the interest of the plaintiff in and to the real property hereinbefore described and the rentals received and derived therefrom heretofore and to be derived therefrom hereafter, and for a dissolution and winding up of the said partnership . . .''

Defendant's answer denies generally the allegations of the complaint, alleges that the general partnership to carry on certain farming operations did exist, and alleged that the real property involved was not partnership property but was, at all times, community property of defendant and his wife.

After trial, the court found generally in favor of plaintiff and that the ''said property is an asset of the partnership''; was not the community property of defendant and his wife except as to defendant's interest therein; that plaintiff did not discover title was taken in the names of defendant and his wife until shortly before the commencement of the action; that the income therefrom, after deducting taxes paid by defendant, should be accounted for; that there never has been a complete accounting in connection with the real property but only with the partnership operations; that it is necessary that such an accounting be had; and that defendant be required to furnish such an accounting to the satisfaction of the court. It then provides that the ''Court reserves jurisdiction to supervise the making of said final account and to pass upon said final account, and to do all other things necessary to effect a complete termination of the partnership relation and a winding up and distribution of the partnership assets.'' The interlocutory judgment so recites and reserves jurisdiction to approve and settle such account, to terminate

the partnership, and to make such orders as are necessary to carry the judgment into effect.

The ultimate effect of the interlocutory judgment was to declare that the real property and its income was partnership property. No disposition of the real property, according to the proportionate interest of each party, was attempted; no sale or partition was sought by the plaintiff, nor was it ordered in the judgment entered. The ultimate question of a final accounting and disposition of the respective interests in the partnership was continued for a further order and final judgment.

No provision is made in section 963 of the Code of Civil Procedure for an appeal from an interlocutory judgment unless by such interlocutory judgment no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the decree. Where anything further in the nature of judicial action on the part of the court is necessary to a final determination of the rights of the parties, the decree is interlocutory. From such interlocutory decree no appeal lies. (See *Bakewell* v. *Bakewell*, 21 Cal.2d 224 [130 P.2d 975].) The facts in that case indicating that the decree entered was not an interlocutory decree are much stronger than in the instant case. It was an action to dissolve a partnership. The trial court there found that during the existence of the partnership defendant obtained title to certain property. It ordered a division to be made of the cash and securities, in kind, and the remainder of the assets sold. It decreed plaintiff's right to money due him from the partnership but left the amount thereof to be subsequently determined and to be incorporated in the final judgment. The court there held that in an action to dissolve a partnership a judgment is interlocutory and not appealable even though it directs the division of certain property in kind and the sale of other property, where it does not establish the proportional rights of the partners; where the judgment contemplates a further audit of partnership books to ascertain the amount due; and where it actually contemplates the making of payment of amounts found due upon the entry of a final judgment. To the same effect are *Swarthout* v. *Gentry*, 73 Cal.App.2d 847 [167 P.2d 501], and cases cited; and *Heck* v. *Heck Bros.*, 57 Cal.App.2d 599 [134 P.2d 853]. We therefore conclude that the interlocutory judgment here entered was not appealable.

Appellant's only answer to this conclusion is that "The instant partnership dissolution action is essentially to effect

*a partition* of the real and personal property of the partnership according to the legal and equitable rights of the parties under respondent's asserted partnership contract'' and that ''the procedural aspects are governed by section 752 et seq. of the Code of Civil Procedure,'' and that accordingly the judgment is appealable under section 963, subdivision 2 of the Code of Civil Procedure, which provides that an appeal lies from an interlocutory judgment ''in actions for partition as determines the rights and interests of the respective parties and directs partition to be made . . .''

In the instant action the plaintiff does not seek a partition of the real property and the interlocutory judgment did not determine the respective rights and interests of the several parties, nor does it direct partition to be made. Defendant's wife held record title to the property with defendant as a joint tenant. The procedure in partition actions is governed by section 752 et seq. of the Code of Civil Procedure. Therein it is provided that the interests of all parties to the action, known or unknown, must be set forth in the complaint and the rights of the several parties may be put in issue and determined in such action.

In *Solomon* v. *Redona*, 52 Cal.App. 300 [198 P. 643], it was held that in a suit for partition it is indispensable that all cotenants who have not united in the complaint be made parties defendant, for if one of the coowners is not bound by the decree the purpose of the suit fails of accomplishment since no one will then become a tenant in severalty.

If plaintiff is proceeding under this claimed theory or desires to dispose of the record title of defendant's wife in and to the property, proper amendment to the complaint may be sought and the proper parties may be brought in which will allow a complete disposition of all interests involved upon a final judgment to be subsequently rendered.

Appeal dismissed.

Barnard, P. J., and Mussell, J., concurred.