[Civ. No. 4691.   Fourth Dist.   Jan. 13, 1954.]

THEODORE STEINBERG, Respondent, v. MAX M. GOLDSTEIN, Appellant.

John D. Chinello and James M. Thuesen for Appellant.

Stammer & McKnight and L. Nelson Hayhurst for Respondent.

BARNARD, P. J.—This is an action for the dissolution of a partnership, for an accounting, and for damages. The defendant appealed from an order approving a report and

account filed by the receiver. The plaintiff has moved to dismiss that appeal on the grounds that the defendant failed to pay the estimated costs of preparing the transcripts within the required time, and that the order appealed from is interlocutory and not an appealable order. The defendant has moved for relief from his default in connection with such costs, on the ground of inadvertence, surprise or excusable neglect; and further contends that portions of the order appealed from are final in nature.

With respect to the default it appears that the clerk served notice of the estimated cost of preparing the transcripts on appellant's attorneys on September 22, 1953, that payment was not made within 10 days, and that on October 26, 1953, counsel for appellant tendered to the clerk $696.50, the required amount. It further appears that upon receiving notice of the amount due, the appellant's counsel wrote to him advising him of the necessity of making this payment; that because of the appellant's absence from the state he did not see this letter until October 19th or 20th; and that within three days thereafter he sent the amounts to his counsel, which were by him deposited with the clerk. A sufficient showing is made to justify the granting of relief in this regard.

The main contention is with respect to the finality of the order appealed from. It appears in this connection that the receiver filed what was designated as a final report and account. The court modified the same by its findings, and allowed and approved it as an interim report and account. In its order the court allowed fixed sums as compensation for the receiver and for his attorney; ordered the appellant to deliver to the receiver within five days a large number of articles of personal property, fixing the value thereof as $3,002.94; fixing the annual rental value of these items as 27 per cent of said market value; ordering the appellant to pay said rental value to the receiver within five days or to return said property to the receiver; ordering the appellant to pay to the receiver within five days a further sum of $9,857.09; ordering the receiver to sell certain personal property; ordering the receiver to pay his compensation and attorney's fees, and to pay further specified bills amounting to $2,667.41; and ordering the receiver to hold any money remaining in his possession subject to the further order of the court.

■ The general principle applicable here is thus stated in *Fish* v. *Fish,* 216 Cal. 14 [13 P.2d 375] : ''Orders requiring the payment of money by the party complaining, or the doing of an act by or against him are usually regarded as final as against such party and may be appealed from by him.'' The respondent relies on such cases as *Bakewell* v. *Bakewell,* 21 Cal.2d 224 [130 P.2d 975] ; *Shirley* v. *Cook,* 119 Cal.App.2d 220 [259 P.2d 25] ; *Swarthout* v. *Gentry,* 73 Cal.App.2d 847 [167 P.2d 501] ; and *Heck* v. *Heck Bros.,* 57 Cal.App.2d 599 [134 P.2d 853]. The principle above cited was recognized in the Bakewell case, but it was there held that it sufficiently appeared from the judgment that a payment amounting to about $11,000 was directed to be made upon the entry of the final judgment thereafter to be rendered. In other cases it sufficiently appeared that no final order was made. ■ In the instant case, it appears that the appellant was directed to make substantial payments and to do certain things within five days, and the receiver was directed to take steps to enforce those provisions of the order. It sufficiently appears that portions of the order were final as against the appellant, and that he would be bound thereby in the absence of an appeal.

The motion for relief is granted and the clerk is directed to proceed with the preparation of the transcripts if the estimated costs are paid within 10 days of the time this decision becomes final. The motion to dismiss the appeal is denied.

Griffin, J., and Mussell, J., concurred.