Filed 2/25/21  CitiFinancial Services, Inc. v. Studebaker CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| CITIFINANCIAL SERVICES, INC., | C074485 |
| Plaintiff and Respondent, | (Super. Ct. No. 11CV37825) |
| v. | |
| STEPHEN J. STUDEBAKER, | |
| Defendant and Appellant. | |

Defendant Stephen J. Studebaker appeals from a temporary restraining order and preliminary injunction obtained by plaintiff and respondent CitiFinancial Services, Inc. (CSI).  Studebaker contends that the trial court erred in issuing the temporary restraining order and preliminary injunction because he did not receive adequate notice of the hearings and did not receive valid service of CSI's moving papers concerning the

1

temporary restraining order.[1]  We conclude Studebaker's contentions that he received inadequate notice and invalid service concerning the temporary restraining order are moot by the court's subsequent issuance of a preliminary injunction.  We further conclude that Studebaker waived his contention that he received inadequate notice of the hearing on the preliminary injunction by appearing at that hearing and arguing the merits of the injunction.

## FACTUAL AND PROCEDURAL BACKGROUND

CSI sued Studebaker for declaratory relief and nuisance relative to a parcel of real property located in Calaveras County and owned by Studebaker.  CSI alleged it, as owner of a contiguous parcel of real property, holds an easement (prescriptive, equitable or by necessity) over Studebaker's property for ingress, egress, and access to its property that it obtained when it acquired title to the property from the property's prior owner.  It further alleged that once CSI obtained title to the property, Studebaker began blocking access over the easement, preventing ingress, egress, and access to CSI's property, and that Studebaker refused to desist his efforts to interfere with CSI's use of the easement despite repeated requests.  CSI sought a declaration from the trial court that it holds an easement over Studebaker's property, injunctive relief preventing Studebaker from interfering with CSI's use of the easement, and damages relative to Studebaker's interference with CSI's use of the easement.

---

[1]  Studebaker has failed to comply with California Rules of Court, rule 8.204(a)(1) in that his brief does not "[b]egin with a table of contents and a table of authorities separately listing cases, constitutions, statutes, court rules, and other authorities cited," "[s]tate each point under a separate heading or subheading summarizing the point and support each point by argument and, if possible, by citation of authority," or "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."  To the extent Studebaker has raised additional arguments, he forfeits them by failing to comply with these requirements.  (See *San Joaquin River Exchange Contractors Water Authority v. State Water Resources Control Board, et al.* (2010) 183 Cal.App.4th 1110*,* 1135.)

In the midst of litigation, on June 20, 2013, CSI filed an ex parte application for temporary restraining order and order to show cause regarding preliminary injunction to prevent Studebaker from interfering with its use of the purported easement to access CSI's property and to remove any barriers Studebaker has installed preventing that access. CSI asserted that in the absence of an injunction, it was at a substantial risk of great or irreparable harm of losing a substantial or total value of its property and the structure thereon to theft, vandalism, destruction of property and unsafe conditions.

CSI gave notice of the ex parte hearing to Studebaker both by telephone message and e-mail two days before the hearing. Studebaker acknowledged receiving that notice and appeared at the ex parte hearing. However, he objected that the notice was insufficient and that he did not receive moving papers until he was personally served with them just before the hearing. Nonetheless, the day after the ex parte hearing, the trial court issued a temporary restraining order enjoining Studebaker from interfering with CSI's access to its property by way of the purported easement, from interfering with CSI's removal of any barriers to access installed by Studebaker, and from entering onto CSI's property without prior written permission.

The trial court scheduled a hearing on July 24, 2013, to show cause why a preliminary injunction should not issue to prevent Studebaker from interfering with CSI's use of the purported easement.[2] Thereafter, on its own motion, the court changed the hearing date to July 23, 2013. CSI was ordered to personally serve Studebaker with the order scheduling that hearing but was unable to complete personal service. CSI did, however, timely serve Studebaker with the amended order by first-class mail and by e-mail, and Studebaker acknowledged having received notice of the amended date. Studebaker filed an opposition to the request for injunctive relief on July 10, 2013. The

[2] Studebaker was served with this order.

3

cover of Studebaker's opposition included a typed hearing date of July 24, 2013, but the "24" was crossed out and "23" was handwritten in its place.

Studebaker appeared at the scheduled hearing on July 23, 2013, and opposed the injunction on its merits. Following the hearing, the trial court issued a preliminary injunction that Studebaker "may maintain locking gates on his property but must give [CSI] reasonable means to access their property th[r]ough said gates along [a portion of Studebaker's property]. Other than said gates, [Studebaker] must not interfere with [CSI]'s access nor may [Studebaker] trespass on [CSI]'s property except where justified." Studebaker appeals this order and the earlier temporary restraining order.

While the instant appeal was pending, on October 29, 2013, the trial court entered a judgment declaring that CSI holds an appurtenant easement for ingress, egress, and access to its property over Studebaker's property.

## DISCUSSION

## I. Temporary Restraining Order

Studebaker complains he was not provided adequate notice of the ex parte hearing following which the trial court issued a temporary restraining order, that CSI did not serve him with moving papers except by electronic service, to which he did not consent, and that CSI did not file a proof of service demonstrating service of moving papers. We conclude Studebaker's challenge to the temporary restraining order is moot in light of the trial court's issuance of a preliminary injunction.

"A case is moot when the decision of the reviewing court 'can have no practical impact or provide the parties effectual relief. [Citation.]' [Citation.] 'When no effective relief can be granted, an appeal is moot and will be dismissed.' " (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214.)

Here, the temporary restraining order enjoined and restrained Studebaker, pending hearing on an order to show cause, from interfering with CSI's passage across a portion of Studebaker's property (the purported easement) to access CSI's property, from

4

preventing CSI from removing any barriers to use of that portion of Studebaker's property, and from entering onto CSI's property without prior written permission. This restraining order lapsed when the trial court heard the order to show cause why a preliminary injunction should not issue. Therefore, even if the temporary restraining order was erroneously issued due to insufficient notice or service, it is no longer in place and we cannot provide Studebaker any effectual relief from it.

## II. Preliminary Injunction

Studebaker contends the trial court erred in issuing the preliminary injunction because he did not receive adequate notice of the hearing. We conclude Studebaker waived this contention by appearing at the hearing on the order to show cause why a preliminary injunction should not issue to argue against the merits.

The granting or denial of a preliminary injunction occurs when " '[T]he court, balancing the respective equities of the parties, concludes that, pending a trial on the merits, the defendant should or that he should not be restrained from exercising the right claimed by him.' [Citations.] The general purpose of such an injunction is the preservation of the status quo until a final determination of the merits of the action. [Citation.]" (*Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 528.) A preliminary injunction is usually merged into a permanent injunction or is terminated on denial of a permanent injunction, rendering an appeal from an order granting a preliminary injunction moot. (6 Witkin, Cal. Procedure (5th ed. 2008) Provisional Remedies, § 402, p. 344.)

We conclude that Studebaker waived any contention that he received insufficient notice of the hearing on the preliminary injunction by appearing at the hearing and arguing against the sought relief on the merits of CSI's claims. (*Lacey v. Bertone* (1949) 33 Cal.2d 649, 651-652 [personal service is waived by the person's voluntary appearance at a hearing].) Therefore, we conclude the trial court did not err in issuing the preliminary injunction.

## DISPOSITION

The judgment (order granting preliminary injunction) is affirmed.  CitiFinancial

Services, Inc. is entitled to its costs on appeal.  (Cal. Rules of Court, rule 8.276(a)(1).)

                              /s/
                    MURRAY, J.

We concur:

        /s/
ROBIE, Acting P. J.

        /s/
HOCH, J.

6