[No. 15771.   Department Two.—April 30, 1895.]

THOMAS J. BIGGINS, ADMINISTRATOR, ETC., RE-SPONDENT, v. GOTTFRIED RAISCH ET AL., APPEL-LANTS.

ACTION UPON BOND OF DECEASED EXECUTOR—DELAY OF ADMINISTRATION —LACHES OF HEIRS.—Where an action is brought by the heirs of a decedent's estate upon the bond of a deceased executor, who did not close the administration of the estate, or render any account thereof to the probate court, and the action is commenced within a reasonable time after the death of the executor, the heirs cannot be charged with laches by merely passive delay and forbearance on their part, though they might have compelled the executor to account to the probate court long before he died, nor could such merely passive delay and forbear-ance on their part discharge the sureties on the executor's bond, nor affect their obligation which was conditioned that their principal should perform all the duties of executor, which obligation was not discharged owing to failure on their part to procure their release from further re-sponsibility as provided in sections 1403 and 1404 of the Code of Civil Procedure.

ID.—EFFECT OF JUDGMENT AGAINST EXECUTRIX OF DECEASED EXECUTOR— RES ADJUDICATA.—A judgment obtained against the executrix of the deceased executor whose estate was insolvent is conclusive against the sureties on his bond in an action against them to recover from the sure-ties of the deceased executor the amount found due by the judgment to -the estate of which he was the executor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion.

*Eugene N. Deuprey,* and *D. H. Whittemore,* for Appellants.

*Hepburn Wilkins,* for Respondent.

VANCLIEF, C.—Thomas Biggins died testate in the county of Marin, September 8, 1879. On October 6, 1879, the will was proved and Patrick Mallon was appointed executor thereof, and executed a bond for the faithful performance of his duties in the sum of twenty-five thousand dollars, with the defendants and Patrick Burns as sureties thereon. Patrick Burns died before the commencement of this action. The executor, Patrick Mallon, died testate on January 26, 1890, without having closed the administration of the estate and without having rendered any account thereof to the probate court. On February 17, 1890, letters of administration with the will annexed were issued to the plaintiff, who six months thereafter brought an action in the superior court of the city and county of San Francisco against Ellen Mallon, executrix of the will of Patrick Mallon, and the defendants herein for an accounting in the matter of Patrick Mallon's administration of the estate of Thomas Biggins. The defendants herein were joined as defendants in that action on the ground that they were sureties on the bond of Patrick Mallon, but their demurrer to the complaint on the ground that they were improperly joined as defendants having been sustained by the court, the action proceeded against the executrix of Patrick Mallon alone. On the trial of that action the court stated the account of Patrick Mallon, as executor of the estate of Thomas Biggins, deceased, charging him and his estate with a balance of thirteen thousand two hundred and eighty-one dollars and fifty-eight cents, and thereupon ordered and adjudged that his executrix, the defendant in that action, pay to the plaintiff therein, in due course of administration, the said sum of thirteen thousand two hundred and eighty-one dollars and fifty-eight cents, with costs. Said executrix, having failed and refused to pay said sum on

demand, and the estate of Patrick Mallon being insolvent, this action was brought to recover said sum, with interest, from the defendants as sureties on said bond.

The obligations of the sureties are expressed in the bond as follows:

"And we, said sureties, are severally held and bound with said Patrick Mallon, are held and bound unto the state of California as follows:

" Gottfried Raisch in the sum of ten thousand dollars, Patrick Burns in the sum of twelve thousand dollars, John Mallon in the sum of five thousand dollars, for the payment of which sums we and each of us respectively bind ourselves, our heirs, executors, and administrators, jointly and severally as aforesaid, firmly by these presents.

"Sealed with our seals and dated this 11th October, A. D. 1879.

"The condition of this obligation is such that, if the said Patrick Mallon, as such executor, shall faithfully execute the duties of the trust according to law, then this obligation to be void, else to remain in full force and virtue."

The court found upon all the issues in favor of the plaintiff herein, and rendered a several judgment against defendant Raisch for the sum of nine thousand eight hundred and thirty-one dollars. and nine cents, and against defendant Mallon for the sum of five thousand dollars.

Both defendants have appealed from the judgment and from an order denying their motion for a new trial; but the appeals of Raisch having been dismissed, only that of Mallon remains to be considered.

It is not claimed that the findings do not support the judgment, nor that the evidence does not justify the findings. But it is contended by appellant that the action is barred by the laches of the heirs of Thomas Biggins, namely, Honora, Thomas J., and Michael, whose respective ages, at the time Patrick Mallon died, were as follows: Honora, twenty-three years; Thomas J.,

twenty-two years; and Michael, twenty years, in that they failed to compel the executor to render his accounts to the probate court as required by law.

Surely no laches can be attributed to them after the death of Patrick Mallon, since Thomas J. was appointed administrator and commenced said action against the executrix of the will of Patrick Mallon within eight and a half months after his death, this being only a reasonable time within which to procure the appointment of the administrator, examine the condition of the estate, and commence the action. And before the death of the executor the heirs did nothing that could have discharged or affected the obligation of the sureties on his bond. While it is true that they might have compelled the executor to account to the probate court long before he died, yet merely passive delay and forbearance on their part could not discharge the sureties nor affect their obligation (*Humphreys* v. *Crane*, 5 Cal. 173; Brant on Suretyship, sec. 342, and cases there cited); for the condition of their obligation was that their principal should perform all the duties of executor, including that of rendering to the probate court from time to time such accounts of his administration as required by law; so that his failure to render such accounts was a dereliction of duty for which his sureties are responsible. If the sureties could not have initiated proceedings to compel the executors to account to the probate court, yet they might have taken proceedings under sections 1403 and 1404 of the Code of Civil Procedure at any time during the administration to procure their release from future responsibility; and, having failed to do so, they are responsible for all derelictions of their principal during his administration of the estate.

It is further contended by appellant that the judgment against the executrix of the will of Patrick Mallon is not conclusive against the sureties on his bond, since they were not parties to that action. But it was held otherwise in the case of *Chaquette* v. *Ortet*, 60 Cal. 594,

a case similar to this in all respects. (See also Brandt on Suretyship, sec. 580, and authorities there cited.)

Other points made by appellant either have no foundation in the record or lack sufficient plausibility to require special consideration.

I think the judgment and order should be affirmed.

BELCHER, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

TEMPLE, J., McFARLAND, J., HENSHAW, J.