[Civ. No. 52521. Second Dist., Div. Five. Feb. 15, 1979.]

ADMINISTRATIVE MANAGEMENT SERVICES, INC.,
Plaintiff and Appellant, v.
FIDELITY AND DEPOSIT COMPANY OF MARYLAND,
Defendant and Respondent.

## COUNSEL

Richard P. Hemar, Samuel W. Gordon and Martin J. Rousso for Plaintiff and Appellant.

Haase & Heinemann and Maurice H. Wallbert for Defendant and Respondent.

## OPINION

**ASHBY, J.**—This is an action to recover money on a receiver's bond. (See Code Civ. Proc., § 567.) Plaintiff Administrative Management Services, Inc., appeals from an order of dismissal entered following the

trial court's sustaining, without leave to amend, defendant's demurrer to the first amended complaint. In ruling on the demurrer, the trial court took judicial notice of the files in two related actions, In re Marriage of Zamot, Los Angeles Superior Court No. D723179, and Administrative Management Services, Inc. v. Zamot, Los Angeles Superior Court No. C16795. (See *Bill Loeper Ford* v. *Hites,* 47 Cal.App.3d 828, 830 fn. 1 [121 Cal.Rptr. 131].)

From the pleadings and the files judicially noticed, the facts may be stated as follows: Adeline and Joseph Zamot had a community property interest in the Mirada Hills Convalescent and Rehabilitation Hospital. During their marriage dissolution proceeding in No. D723179, the court, on June 8, 1971, appointed William Cartwright as receiver and administrator to take possession of the hospital upon his taking of the oath and posting a bond in the amount of $75,000. Defendant Fidelity and Deposit Company of Maryland provided the bond, the condition of which was that Cartwright "shall faithfully execute the duties of the trust according to law . . . ."

During the receivership, on November 19, 1971, plaintiff Administrative Management Services, Inc., filed an action, No. C16795, against "ZAMOT, INC., a California Corporation, dba MIRADA HILLS CONVALESCENT AND REHABILITATION HOSPITAL; WILLIAM J. CARTWRIGHT, as Receiver for MIRADA HILLS CONVALESCENT AND REHABILITATION HOSPITAL under ZAMOT V. ZAMOT, Los Angeles Superior Court No. D 723 179."[1]

On May 30, 1972, Joseph Zamot, having bought out his wife's interest in the hospital, ousted Cartwright from possession of the hospital. On July 31, 1972, Cartwright filed a notice of motion for termination of receivership, approval of his final accounting and award of attorney's fees and costs. Zamot filed objections thereto. The court in No. D723179 appointed a commissioner to hold a hearing thereon, which was held on March 14 and March 16, 1973.

The commissioner's report recommended that the accounting be approved (except as to the receiver's claim for vacation pay), that the

---

[1] The pleadings and discovery in No. C16795 indicate that Administrative Management Services, Inc., claimed it had a five-year contract with Zamot and the hospital to provide advice, representation and collateral services for processing Medicare and Medi-Cal claims, and that the defendants therein, including Cartwright as receiver, denied the validity of the contract and refused to pay arrearages due or to accept further performance although having sufficient assets to do so.

receiver be discharged, and that the bond be exonerated. The commissioner's report is dated April 11, 1973. Thereafter, on January 2, 1974, the court in No. D723179 approved and adopted the commissioner's report, approving the accounting (except vacation pay), awarding fees, discharging the receiver, and exonerating the bond.

Meanwhile, however, on August 20, 1973, Administrative Management Services, Inc., obtained a judgment in No. C16795 against Cartwright as receiver of the hospital.[2] The judgment recites "that Defendant WILLIAM CARTWRIGHT, as Receiver of MIRADA HILLS CONVALESCENT AND REHABILITATION HOSPITAL under *Zamot* v. *Zamot,* Los Angeles Superior Court No. D 723 179, failed and refused during the scope and period of his Receivership to faithfully execute the duties of his trust according to law." Judgment was awarded for $10,104.40 plus $3,000 as attorney's fees, plus $400.40 costs.

Joseph Zamot appealed in No. D723179 from the trial court's order approving the report of the receiver and discharging him. The order was affirmed on June 1, 1976, in 2d Civil No. 46714, and the remittitur was filed August 6, 1976.

On March 14, 1977, plaintiff filed the instant action, No. C192954, alleging that plaintiff "has demanded that said receiver pay to it [the judgment in No. C16795 in the amount of] $13,504.80, . . . but said receiver has failed and refused to do so . . . ." Plaintiff seeks to recover this amount from defendant surety. Defendant demurred on the ground that it had no liability, by virtue of the order in No. D723179 approving the receiver's final accounting and exonerating the bond. The trial court agreed, and sustained the demurrer.

## DISCUSSION

Prior to the order of January 2, 1974, exonerating the bond, plaintiff Administrative Management Services, Inc., obtained a judgment on August 20, 1973, wherein it was specifically found that the receiver "failed and refused during the scope and period of his said Receivership to faithfully execute the duties of his trust according to law." Since the receiver violated his duty during the period the bond was in effect, plaintiff stated a cause of action against the surety. Government Code

---

[2] Counsel for Cartwright had informed the court that he would not appear for the August 14, 1973, trial, which therefore was uncontested.

section 1612 provides: "No surety is released from damages or liabilities for acts, omissions, or causes existing or which arose before the making of the order releasing the surety. Legal proceedings may be had therefor in all respects as though no order had been made." (See also 3 Clark on Receivers, § 696(a), p. 1282 ("On the discharge of the receiver the surety is still liable for any default he may have made during the administration of his trust, even though this may be afterwards discovered.").)

■ Although plaintiff neglected to present its judgment to the court having jurisdiction of the receivership for enforcement (*Painter* v. *Painter,* 138 Cal. 231, 236-237 [71 P. 90]), this does not bar recovery against the surety. Civil Code section 2823 provides: "Mere delay on the part of a creditor to proceed against the principal, or to enforce any other remedy, does not exonerate a surety." (*Biggins* v. *Raisch,* 107 Cal. 210, 213 [40 P. 333]; see also *Duerr* v. *Sloan,* 50 Cal.App. 512, 519 [181 P. 407] (the failure of a creditor to file his claim against the estate of the principal debtor does not release the surety).)

■ We conclude the trial court erred in determining "[t]he order exonerating the bond bars this action." Plaintiff adequately stated a cause of action for recovery against the surety.

The order of dismissal is reversed.

Stephens, Acting P. J., and Hastings, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 10, 1979.