[Civ. No. 61415. Second Dist., Div. Five. Mar. 4, 1982.]

ADMINISTRATIVE MANAGEMENT SERVICES, INC., Plaintiff and Respondent, v.
FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Defendant, Cross-complainant and Respondent;
WILLIAM CARTWRIGHT, Cross-defendant and Appellant.

COUNSEL

Anderson, McPharlin & Conners and Eric N. Winter for Cross-defendant and Appellant.

Hemar, Gordon & Rousso and Samuel W. Gordon for Plaintiff and Respondent.

Conrad L. Squires and Haase & Heinemann for Defendant, Cross-complainant and Respondent.

OPINION

ASHBY, J.—Appellant William Cartwright appeals from an order granting a motion to strike his "special answer" which he filed as a third party defendant pursuant to Code of Civil Procedure section 428.70. We conclude the appeal lies and that the trial court erred in striking the answer.

In 1971, in connection with the marriage dissolution proceedings of Adeline and Joseph Zamot, appellant Cartwright was appointed by the superior court to act as a receiver of the Zamots' private convalescent hospital. A receiver's bond (Code Civ. Proc., § 567) was provided by the defendant in this case, Fidelity and Deposit Company of Maryland (F&D). In his capacity as receiver, Cartwright apparently caused the hospital to breach a contract with the plaintiff in this case, Administrative Management Services, Inc. (AMS). In 1973 AMS obtained a default judgment against Cartwright for approximately $13,000. The judgment recites that Cartwright, as receiver, failed and refused to faithfully execute the duties of his trust according to law.

On March 14, 1977, plaintiff AMS filed the instant action against defendant F&D to recover, on the receiver's bond, the judgment against Cartwright which remained unpaid. F&D's demurrer to the complaint was sustained but this ruling was reversed on appeal in February 1979. (*Administrative Management Services, Inc.* v. *Fidelity & Deposit Co.* (1979) 89 Cal.App.3d 532 [152 Cal.Rptr. 620].)

Defendant F&D then answered plaintiff's complaint without raising the defense that the action was barred by the four-year statute of limitations of Code of Civil Procedure section 337, subdivision 1. On July

13, 1979, defendant F&D filed a cross-complaint against Cartwright, alleging that F&D was entitled to indemnity from Cartwright for any judgment in favor of plaintiff AMS against defendant F&D, because in his application for a bond Cartwright had agreed to indemnify F&D.

In January 1980 defendant F&D filed its first amended answer to plaintiff AMS's first amended complaint, again without raising any defense of the statute of limitations. In February 1980 defendant F&D moved to amend its answer to include a statute of limitations defense, on the ground that F&D's attorney had inadvertently overlooked such a defense. Exercising its discretion, the court in April 1980 denied F&D's motion to amend its answer, concluding that F&D had waived such defense by failing to raise it in a timely manner. F&D's petition to the Court of Appeal for a writ was denied without opinion in May 1980. (2 Civ. 59244.)

On July 14, 1980, appellant Cartwright answered F&D's cross-complaint. Cartwright denied his liability to indemnify F&D, and pleaded several affirmative defenses, including (1) that F&D breached an implied covenant of good faith and fair dealing with Cartwright, by failing, negligently, wrongfully, in bad faith, and in disregard of Cartwright's rights under the contract of indemnity, to assert in F&D's answer to the complaint a defense that the claim was barred by the statute of limitations; (2) that F&D failed to mitigate damages by failing timely to assert the defense of the statute of limitations; and (3) that F&D negligently contributed to its own loss and liability by negligently failing to assert the statute of limitations defense.

At the same time, Cartwright filed as a separate document his "special answer" pursuant to Code of Civil Procedure section 428.70.[1] Cartwright alleged as an affirmative defense "that Plaintiff's First Amended Complaint is barred by the provisions of Code of Civil Procedure § 337, subdivision 1."

Plaintiff AMS filed a motion to strike Cartwright's special answer, contending that Cartwright's special answer was irrelevant to plaintiff

---

[1]Code of Civil Procedure section 428.70, subdivision (b), provides: "(b) In addition to the other rights and duties a third-party defendant has under this article, he may, at the time he files his answer to the cross-complaint, file as a separate document a special answer alleging against the person who asserted the cause of action against the third-party plaintiff any defenses which the third-party plaintiff has to such cause of action. The special answer shall be served on the third-party plaintiff and on the person who asserted the cause of action against the third-party plaintiff."

AMS, who had not named Cartwright as a defendant in the instant action, and that the defense of the statute of limitations was not available because it had been waived by defendant F&D.

On September 16, 1980, the trial court granted the motion to strike Cartwright's special answer. Cartwright appeals from that order. We conclude the order is appealable for reasons discussed, *infra*, after our discussion of the nature of a special answer permitted by Code of Civil Procedure section 428.70.

## DISCUSSION

Code of Civil Procedure section 428.70 was enacted in 1971 as a part of a reform package recommended by the California Law Revision Commission relating to joinder, counterclaims and cross-complaints. (10 Cal. Law Revision Com. Rep. (1971) p. 501.) The purpose of the provision was explained by the Law Revision Commission as follows: "Comment. ■ Section 428.70 makes clear that, in addition to all rights and duties of a party against whom a cross-complaint has been filed, a third-party defendant has the right to assert any defenses which the third-party plaintiff could have asserted against the party who pleaded the cause of action against the third-party plaintiff. [¶] The special answer provided by Section 428.70 is designed primarily to meet the problem that arises where a plaintiff sues a defendant and the defendant cross-complains against a third party for indemnity. To protect himself from the defendant's failure or neglect to assert a proper defense to the plaintiff's action, through collusion or otherwise, the third-party defendant is allowed to assert any defenses available to the original defendant directly against the plaintiff." (10 Cal. Law Revision Com. Rep., p. 555.) (hereafter Law Revision Rep.)[2]

This is precisely the kind of case for which the section was intended. It enables Cartwright "[t]o protect himself from [F&D's] failure or neglect to assert a proper defense to [AMS's] action." (Law Revision Rep., p. 555.)

---

[2]The commission's statement of the purpose of this section was approved by the legislative committees responsible for the legislation. (Sen. Com. Rep. on Judiciary on Sen. Bill No. 201, 1 Sen. J. (1971 Reg. Sess.) p. 884; Communication from Assem. Com. on Judiciary on Sen. Bill No. 201, 3 Assem. J. (1971 Reg. Sess.) pp. 5238-5239.) A similar recommendation was made by the consultant to the commission. (Friedenthal, *Joinder of Claims, Counterclaims, and Cross-complaints: Suggested Revision of the California Provisions* (1970) 23 Stan.L.Rev. 1, 38, reprinted in Law Revision Rep., pp. 501, 581, 618.)

Plaintiff AMS argues that under Code of Civil Procedure section 428.70 Cartwright may only assert a defense which F&D "has" to such cause of action, and that therefore Cartwright may not assert the statute of limitations defense which has been waived by F&D. This restrictive interpretation of the word "has" would render the provision useless for the very purpose intended by the Legislature. As explained by the commission, the purpose was to give the defendant the right "to assert any defenses which the third-party plaintiff *could have asserted*" against the plaintiff. (Law Revision Rep., p. 555; italics added.)

The trial court should not have striken Cartwright's special answer.

We express no opinion as to the effect of Cartwright's special answer on the litigation as between AMS and F&D. At this stage of the litigation the trial court's order denying F&D the opportunity to amend its answer to assert a statute of limitations defense is not final. There may be further developments or evidence at trial which would have a bearing on that issue. That question was not briefed by the parties, and in fact F&D, the party who would most be affected by such a determination, did not file a respondent's brief on this appeal.

APPEALABILITY

■ Ordinarily an order striking an answer is not appealable, since appeal lies from the subsequent judgment against the party whose answer was stricken. (See *Swaffield* v. *Universal Ecsco Corp.* (1969) 271 Cal.App.2d 147, 173-174 [76 Cal.Rptr. 680].) This case is different because plaintiff AMS did not seek any relief against Cartwright in this action, and thus there will be no subsequent judgment in favor of AMS against Cartwright. Arguably Cartwright could wait until there was a judgment against Cartwright on F&D's cross-complaint for indemnity, and then raise the striking of his special answer on appeal from that judgment. However, we conclude he is not required to wait. Code of Civil Procedure section 428.70, subdivision (b), states that the defenses contained in the special answer are "alleg[ed] against the person who asserted the cause of action against the third-party plaintiff." The commission comment also states that the third party defendant "is allowed to assert any defenses available to the original defendant *directly against the plaintiff.*" (Law Revision Rep., p. 555; italics added.) The statute thus gives the third party defendant a right to participate in the action directly against the plaintiff. The trial court's order striking the

special answer was a final determination of the rights of Cartwright as against AMS. The order is analogous to the striking of a complaint in intervention by which a third person attempts to intervene and become a party to the proceeding, which has been held an appealable order. (*In re Veterans' Industries, Inc.* (1970) 8 Cal.App.3d 902, 916 [88 Cal.Rptr. 303]; *Timberidge Enterprises, Inc.* v. *City of Santa Rosa* (1978) 86 Cal.App.3d 873, 878 [150 Cal.Rptr. 606].)

The order striking appellant's special answer is reversed.

Stephens, Acting P. J., and Hastings, J., concurred.

Petitions for a rehearing were denied March 30, 1982, and the opinion was modified to read as printed above.